# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DARRELL CUNNINGHAM, # 33855**                                           **PETITIONER**

v.                                                                      **CAUSE NO. 1:25CV118-LG-BWR**

**STATE OF MISSISSIPPI**                                                  **RESPONDENT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT is pro se Petitioner Darrell Cunningham's Petition [1] and supplemental petition [4] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he challenges his convictions and sentences. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed without prejudice.

## FACTS AND PROCEDURAL HISTORY

On May 3, 2024, Cunningham pled guilty and was convicted in the Circuit Court of Jackson County, Mississippi for transfer of a controlled substance, three counts of possession of a controlled substance, and two counts of felon in possession of a weapon. He was sentenced to a total of twenty years, with eighteen to serve, in the custody of the MDOC. He contends that the indictment was invalid, he was illegally searched and seized, his sentence is illegal, his plea was involuntary, and "the statute under which the conviction and/or sentence was obtained is unconstitutional." (Pet. at 7).

On March 23, 2025, Cunningham alleges that he filed a motion for post-conviction relief with the trial court, which he claims is still pending. He now brings this Petition pursuant to § 2254 and asks this Court to vacate his convictions.

## DISCUSSION

Before seeking habeas relief with this Court, Cunningham must exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A). This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to exhaust his state remedies, he is required to present the claim to the highest court in the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The only attempts at exhaustion he describes are with the trial court, where he claims a petition is pending. The petition has not yet been presented to the Mississippi Supreme Court. Therefore, this case is dismissed without prejudice for failure to exhaust.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 23th day of July, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE